BENDER–MARTIN CO. v. APOLLO CO.

(Supreme Court, Appellate Term. November 14, 1906.)

PRINCIPAL AND AGENT—CONTRACTS—ACTION FOR BREACH—PROOF OF EXECUTION OF CONTRACT.

Where, in an action on a contract alleged to have been made by defendant, A. Co., and signed by a third person as manager, there was no evidence showing who the third person was, or whether or not he had acted as manager for the company, and it was not shown that he signed the contract, or that the company ratified its execution, there could be no recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 720.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Bender-Martin Company against the Apollo Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Wentworth, Lowenstein & Stern, for appellant.

Byers & Snyder, for respondent.

DOWLING, J. The plaintiff sued and obtained a judgment against the defendant for a breach of two contracts alleged to have been entered into between plaintiff and defendant. The contracts were introduced in evidence over the plaintiff's objection. They purport to have been signed by "Fred Kahn, Manager." No evidence whatever was given upon the trial to show who Kahn was, or whether or not he ever acted as manager for the defendant. It was not even shown that he signed the alleged contracts, or that the signature thereto was in his handwriting; neither was there the slightest evidence of ratification of the contracts on the part of the defendant. All the correspondence admitted in evidence was signed by said Kahn as manager, and was upon letter heads containing the name of the defendant; but no testimony whatever was given showing or tending to show that such letter heads were used by any other person than Kahn. There is some testimony of a conversation between the president of the plaintiff and Kahn, but Kahn's connection with or authority to act for the defendant is not shown.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.